UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VRINDER SINGH RANDHAWA, et al., | Case No. 2:24-cv-01540-DAD-CSK |
| Plaintiffs, | |
| v. | ORDER |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

Pending before the Court are the following motions: (1) a motion by Plaintiff Vrinder Singh Randhawa, who is proceeding without counsel, "to permit delivery of complaint summary" (ECF No. 13); (2) a motion by all Plaintiffs (Vrinder Singh Randhawa, Mandeep Sandu Randhawa, and A.K.R., a minor), who are proceeding without counsel, for "alternative service or reduced service requirements" (ECF No. 14); (3) a motion by all Plaintiffs to compel disclosure of certain documents (ECF No. 15); and (4) a motion by all Plaintiffs to expedite proceedings (ECF No. 16).[1] The motion to expedite is a motion for administrative relief, which is submitted without a hearing. E.D. Cal. L.R. 233(c). For the remaining motions, pursuant to Local Rule 230(g) and the Court's inherent authority to manage its docket, the Court submits the remaining motions

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

upon the record and briefs on file.

### 1. Plaintiff's Motion to Permit Delivery (ECF No. 13)

Plaintiff Vrinder Singh Randhawa filed a motion to permit delivery of a summary of the complaint in physical (hard copy) format, and a digital copy of the complete document. (ECF No. 13.) Plaintiffs Mandeep Sandu Randhawa and A.K.R. (a minor) have not joined this motion. *See* ECF No. 13 at 1 (only identifying Plaintiff Vrinder Singh Randhawa as the movant), 4 (signed by only Plaintiff Vrinder Singh Randhawa).

The Court denies Plaintiff's motion. The Local Rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* E.D. Cal. Local Rule 133(b)(2). Plaintiff has not been granted permission to utilize electronic filing. Plaintiff must continue to file paper documents with the Court through conventional means.

### 2. Plaintiff's Motion for Alternative or Reduced Service (ECF No. 14)

All Plaintiffs filed a motion for "alternative service or reduced service requirements," to permit Plaintiffs to file a "'Notice of Complaint, in lieu of the full document" comprised of a summary of the complaint and an offer that the "full complaint, including exhibits, is available upon request," or a digital copy due to the "financial and logistical burden" from serving the full complaint. (ECF No 14.)

Though this motion indicates that it is being brought by all plaintiffs, it is only signed by one adult plaintiff, Plaintiff Vrinder Singh Randhawa. This is improper. Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. In addition, the "paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."). Plaintiffs who are adults are instructed that while they remain unrepresented, they must each personally sign every pleading, motion, and other paper they submit to the Court and they must include their address, e-mail address, and

2

1  telephone number on every pleading, motion, and other paper they submit to the Court.
2  Here, instead of rejecting Plaintiffs' various motions for not being signed by all adult
3  plaintiffs, the Court will review the motion as being filed by the plaintiff who did sign the
4  motion, Plaintiff Vrinder Singh Randhawa.
5       Plaintiffs are not permitted to serve anything less than the full complaint on
6  defendants, and Plaintiffs cite no legal authority for this request. *See* Fed. R. Civ. P. 4.
7  Fairness and due process prohibit Plaintiffs' request. While Plaintiffs are permitted to
8  request waiver of service by any defendant, *see* Fed. R. Civ. P. 4(d), the time for doing
9  so has passed and this issue is now moot. In the Court's July 26, 2024 Order, the Court
10 expressly instructed and warned Plaintiff regarding the timeline for service, to "take
11 careful note of the rules regarding proper service of the United States," and to carefully
12 review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of
13 California, and the undersigned's Civil Standing Orders. 7/26/2024 Order at 3-4 (ECF
14 No. 10). Plaintiff's motion is denied.

### 3. Plaintiff's Motion to Compel Disclosure (ECF No. 15)

16    All Plaintiffs filed a motion to compel disclosure of certain documents by the
17 Department of Homeland Security, or alternatively, seek an in camera review of
18 documents. (ECF No. 15.) As with the above motion, this motion was only signed by
19 Plaintiff Vrinder Singh Randhawa and the Court will also review this motion as being filed
20 by the plaintiff who did sign the motion, rather than rejecting it. The Court denies
21 Plaintiffs' motion as premature where discovery has not yet begun. *See* Fed. R. Civ. P.
22 26(d)(1). In addition, if and when discovery does begin, Plaintiffs must first follow
23 discovery procedures under the Federal Rules of Civil Procedure, this district court's
24 Local Rule 251 for discovery disputes, and the undersigned's Civil Standing Orders for
25 discovery disputes.

### 4. All Plaintiffs' Motion to Expedite Proceedings (ECF No. 16)

27    All Plaintiffs filed a motion to expedite proceedings. (ECF No. 16.) As with the
28 above motion, this motion was only signed by Plaintiff Vrinder Singh Randhawa and the

3

Court will also review this motion as being filed by the plaintiff who did sign the motion, rather than rejecting it.

This motion is unclear. Plaintiffs request that the Court require Defendants to respond on an expedited timeline, issue an expedited scheduling order, and order Defendants to respond to discovery requests. *Id*. at 4. The Court denies this motion. Plaintiffs have not established good cause to issue an expedited scheduling order in this case. The delay in this case is largely the result of Plaintiffs' delay in service where Plaintiffs filed their original Complaint on May 31, 2024. *See* Docket. As described above, Plaintiffs' request as to discovery is premature. Finally, there is good cause to wait to issue a scheduling order until the issues regarding service are resolved.

## CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. The Court DENIES Plaintiff's motion to permit delivery of a summary of the complaint (ECF No. 13).
2. The Court DENIES Plaintiff's motion for "alternative service or reduced service requirements" (ECF No. 14).
3. The Court DENIES Plaintiff's motion to compel disclosure (ECF No. 15).
4. The Court DENIES Plaintiff's motion to expedite proceedings (ECF No. 16).

Dated:  June 26, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

24.1540.rand/csk

4