1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VRINDER SINGH RANDHAWA, et al.,        Case No. 2:24-cv-01540-DAD-CSK

12              Plaintiffs,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   DEPARTMENT OF HOMELAND
     SECURITY, et al.,                      (ECF Nos. 25, 29, 32, 33, 35)

15
                Defendants.
16

17        Pending before the Court is the United States of America's[1] motion to dismiss the

18   First Amended Complaint.[2] (ECF No. 25). Plaintiffs Vrinder Singh Randhawa, Mandeep

19   Sandhu Randawa and AKR, a minor, are appearing without counsel. Pursuant to Local

20   Rule 230(g), the Court submitted the motion upon the record and briefs on file and

21   vacated the April 15, 2025 hearing. (ECF No. 28.) For the reasons that follow, the Court

22   recommends GRANTING the United States' motion to dismiss. The Court further

23   DENIES without prejudice Plaintiffs' miscellaneous requests (ECF Nos. 29, 32, 35) and

24   the United States' request for administrative relief pursuant to Local Rule 233(a)(5) (ECF

---

[1]  The United States is not a named defendant in this action. *See generally* First
Amended Complaint ("FAC") (ECF No. 11). The United States indicates it was served
but is not a named Defendant in this case. *See* USA Mot. at 2 (ECF No. 25-1) (citing
ECF No. 24).
[2]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
Civ. P. 72, and Local Rule 302(c).

1

No. 33), in light of the Court's recommendation to dismiss this action without leave to amend.

## I.    BACKGROUND

### A.    Factual Background[3]

Plaintiffs bring this action in pro per against Defendants Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), Customs and Border Protection ("CBP"), and Transportation Security Administration ("TSA"). FAC at 1, 2. Plaintiffs allege the following four causes of action: (1) violation of the Freedom of Information Act ("FOIA"); (2) violation of the Federal Tort Claims Act; (3) violation of the Fourth and Fifth Amendments under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and (4) intentional infliction of emotional distress. FAC at 4. Plaintiffs generally allege "systematic procedural misconduct, bad faith in immigration adjudication, retaliation though repeated delays, obstructive responses, and racial profiling." *Id.* at 1. Plaintiffs allege Defendant DHS has delayed responses to Plaintiffs' "claims, FOIA requests, and complaints" and has failed to ensure its "sub-agencies, including CBP, USCIS, and TSA" are adhering to fair procedures and that the lack of oversight by Defendant DHS has allowed "each sub-agency to engage in harmful practices, including racial profiling, and improper screenings." *Id.* at 2-3. Plaintiffs further allege Defendant DHS has "repeatedly denied Plaintiffs' emergency travel requests, including for family health crises, leading to irreparable emotional damage." *Id.* at 4. For relief, Plaintiffs seek declaratory relief, damages, and other forms of relief. *Id.* at 5.

/ / /

/ / /

---

[3]    These facts primarily derive from the First Amended Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiffs as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**B.    Procedural Background**

Plaintiffs initiated this action on May 31, 2024. (ECF No. 1.) On July 22, 2024, Plaintiffs filed a "motion for more time to respond and memorandum to various issues raised." (ECF No. 9.) On July 26, 2024, the Court denied Plaintiffs' motion without prejudice noting, in part, that Plaintiffs' deadline to properly complete service of the initial complaint was August 29, 2024 and warning Plaintiffs that pro se litigants are expected to know and comply with the Federal Rules of Civil Procedures, the Local Rules of the Eastern District of California, and Judge Kim's Civil Standing Orders. 7/26/2024 Order at 3- 4 (ECF No. 10).

On November 18, 2024, Plaintiffs filed their First Amended Complaint, which is the operative complaint in this action, against Defendants DHS, USCIS, CBP, and TSA. *See* FAC. Concurrently with their FAC, the following four motions were filed: (1) Plaintiff Vrinder Singh Randhawa's motion to "permit delivery of complaint summary" (ECF No. 13); (2) Plaintiffs motion for "alternative service or reduced service requirements" (ECF No. 14); (3) Plaintiffs motion to compel disclosure of certain documents (ECF No. 15); and (4) Plaintiffs motion to expedite proceedings (ECF No. 16). The Court denied all four motions. 6/26/2025 Order (ECF No. 34). The Court also instructed Plaintiffs that a motion brought by all Plaintiffs must be signed by each Plaintiff while they remain unrepresented pursuant to Federal Rule of Civil Procedure 11(a) and Local Rule 183(b) and that failure to do so is improper. *Id*. at 2-4. Instead of rejecting the motions brought by all Plaintiffs, but only signed by Plaintiff Vrinder Singh Randhawa, the Court reviewed the motions as being filed by the plaintiff who signed the motions, Plaintiff Vrinder Singh Randhawa. *Id*. On February 4 and 5, 2025, the United States and the U.S. Immigration and Customs Enforcement ("ICE") were served with summons and the FAC, but neither is a named defendant in this action. *See* FAC; Summons (ECF No. 24 at 3-8); USA Mot. at 2.

On February 18, 2025, the United States filed the instant motion to dismiss. USA Mot. The United States moves to dismiss the entire action without leave to amend on

multiple grounds, including (1) dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) dismissal for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5); and (3) dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. at 12-14. Plaintiffs were served with the instant motion on February 18, 2025. (ECF No. 25-3.) Plaintiffs did not file an opposition to the motion within the deadline, which was March 4, 2025. *See* Docket. On March 14, 2025, the United States filed a "confirmation of no opposition to motion to dismiss" requesting the Court to grant its motion as unopposed or, in the alternative, based on the grounds presented in its motion. (ECF No. 26.) On March 19, 2025, the Court found the matter suitable for decision without oral argument and vacated the hearing date of April 15, 2025. (ECF No. 28.)

On March 21, 2025, Plaintiffs filed a 98-page document seeking miscellaneous relief. (ECF No. 29.) The following was filed: (1) a motion signed by Plaintiff Vrinder Singh Randhawa for "judicial recognition of proper FTCA service" (ECF No. 29 at 1-4); (2) a motion signed by Plaintiff Vrinder Singh Randhawa to "compel Defendants to provide a substantive response to SF-95 before any procedural dismissals" (ECF No. 29 at 5-8); (3) a motion signed by Plaintiffs Mandeep Sandhu Randhawa and Vrinder Singh Randhawa for an "extension of time beyond April 15, 2025, to complete services and to ensure government response to SF-95 claim in good faith" (ECF No. 29 at 9-12); (4) a motion signed by Plaintiffs Mandeep Sandhu Randhawa in "pro per and as guardian ad litem for AKR" and Vrinder Singh Randhawa for "sanctions against DOJ attorneys for improper disclosure of minor's full name and violation of privacy protections" (ECF No. 29 at 13-15); (5) a motion signed by Plaintiff Vrinder Singh Randhawa for "judicial oversight on FOIA & evidence compliance before dismissal consideration" (ECF No. 29 at 16-19); (6) a notice of appearance by Plaintiff Mandeep Sandhu Randhawa as a self-represented litigant (ECF No. 29 at 20-23); (7) an "opposition to Defendants' motion to dismiss and request for stay" signed by Plaintiffs Mandeep Sandhu Randhawa in "pro per and as guardian ad litem" and Vrinder Singh Randhawa (ECF No. 29 at 24-26); (8) a

"proposed plan" signed by Plaintiffs Mandeep Sandhu Randhawa and Vrinder Singh

Randhawa for "judicial oversight & remedy" (ECF No. 29 at 27-31); (9) an "initial list of

summons and subpoenas" signed by Plaintiffs Mandeep Sandhu Randhawa in "pro per

and as guardian ad litem for AKR" and Vrinder Singh Randhawa (ECF No. 29 at 32-48);

(10) a "jurisdictional statement despite services issues & justification for stay approach"

signed by Plaintiffs Mandeep Sandhu Randhawa in "pro per and as guardian ad litem for

AKR" and Vrinder Singh Randhawa (ECF No. 29 at 49-52); (11) an "opposition to motion

to dismiss & demand for full disclosure of USCIS selective enforcement policies & cover-

up" signed by Plaintiffs Mandeep Sandhu Randhawa and Vrinder Singh Randhawa (ECF

No. 29 at 53-56); (12) an "opposition to motion to dismiss & demand for full disclosure of

the U.S. Government's soft religious pogrom against Sikhs & authoritarian Nazi coding in

DOJ responses" signed by Plaintiffs Mandeep Sandhu Randhawa and Vrinder Singh

Randhawa (ECF No. 29 at 57-60); (13) proofs of service by the United States Postal

Service (ECF No. 29 at 61-63); (14) a "FOIA additional evidence against dismissal"

unsigned by Plaintiffs (ECF No. 29 at 64-67); (15) a "FOIA noncompliance, legalized

fraud, and the Government's state-sanctioned cover-ups" signed by Plaintiffs Mandeep

Sandhu Randhawa in "pro per and as guardian ad litem for AKR" and Vrinder Singh

Randhawa (ECF No. 29 at 68-76); (16) "the Government's failure to respond to the FOIA

appeal triggers constructive exhaustion" signed by Plaintiff Vrinder Singh Randhawa

(ECF No. 29 at 77-80); (17) affidavits of process server (ECF No. 29 at 81-88); and (18)

a "response to Defendants filings docket 26: a Masterclass in obfuscation, delay, and

legal nihilism" signed by Plaintiffs Mandeep Sandhu Randhawa in "pro per and as

guardian ad litem for AKR" and Vrinder Singh Randhawa (ECF No. 29 at 89-98). On the

same day, on March 21, 2025, Plaintiff Vrinder Singh Randhawa filed and signed a

separate 194-page document titled "Federal Tort Claims Act (FTCA) claim - notice of

submission of SF-95." (ECF No. 30.) On March 26, 2025, the United States filed a

response to Plaintiffs' miscellaneous filings (ECF No. 29) opposing Plaintiffs' requests

and arguing the requests fail to address all the grounds for dismissal raised in the United

States' motion to dismiss and opposing Plaintiffs' request for a stay. (ECF No. 31.)

On June 6, 2025, Plaintiffs filed a 68-page "legal brief in support of Plaintiffs' claim for damages and declaratory relief," which included an "index of documents," including: (1) a motion to voluntarily withdraw Plaintiffs Mandeep Randhawa and AKR as parties from the action signed by Plaintiff Mandeep Randhawa (ECF No. 32 at 7-8); (2) an unsigned "order to compel production and coordination partial disposition under justice and administrative exhaustion" (ECF No. 32 at 9-10); (3) a "notice of post-denial correspondence by ICE and request for judicial disregard" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 11-15); (4) a "supplemental motion on non-claim statute and court's duty to determine jurisdiction over civil and *Bivens* claims" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 16-20); (5) a "supplemental filing – FTCA administrative denial and response from CBP finance director, based on no legal standing" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 21-26); (6) a "formal response to CBP's request for additional documentation" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 27-33); (7) an affidavit of process service (ECF No. 32 at 34); (8) a "formal administrative complaint regarding FOIA Noncompliance" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 36-38); (9) a "motion to object to uncoordinated CBP delay and violation of statutory obligations" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 39-41); (10) a "submission of motion to extend time to service/reissue summons" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 42-43); (11) a "motion to extend time to effect service and/or issue new summons in light of defendants' delays and vacated hearing" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 44-46); (12) a "motion for tax-structured settlement plan and request for judicial findings on tax status of damages" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 47-50); (13) a "submission of correspondence from CBP, and Plaintiff's formal response" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 51-62); (14) "Plaintiff's proposed scheduling order (compressed litigation calendar)" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 32 at 62-64); and (15) a

1    "FTCA and constitutional claims – offer to settle remains open" signed by Plaintiff Vrinder

2    Singh Randhawa (ECF No. 65-68).

3          On June 20, 2025, the United States filed a request for administrative relief

4    pursuant to Local Rule 233(a)(5) requesting a response to Plaintiffs' filing (ECF No. 32)

5    need not be required in light of the pending motion to dismiss. (ECF No. 33.) On July 10,

6    2025, Plaintiff Vrinder Singh Randhawa filed an opposition to the United States'' request

7    for administrative relief. (ECF No. 35.) Included in Plaintiff Vrinder Singh Randhawa's

8    opposition were additional filings including: (1) a "notice in response to Order at Docket

9    34" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 35 at 14-15); (2) a

10   "supplemental notice of developments in civil rights jurisprudence and agency conduct"

11   signed by Plaintiff Vrinder Singh Randhawa (ECF No. 35 at 16-17); (3) a "supplemental

12   notice: request for judicial clarification and consolidation of satisfied and duplicative

13   issues" signed by Plaintiff Vrinder Singh Randhawa (ECF No. 35 at 18-19); (4) a

14   "supplemental statement of clarification and notice of procedural error" signed by Plaintiff

15   Vrinder Singh Randhawa (ECF No. 35 at 20-21); and (5) a "supplemental declaration

16   regarding loss of employment and emotional distress" signed by Plaintiff Vrinder Singh

17   Randhawa (ECF No. 35 at 22-24).

18   **II.    LEGAL STANDARDS**

19          **A.    Pro Se Pleadings, Construction and Amendment**

20          Pro se pleadings are to be liberally construed and afforded the benefit of any

21   doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

22   claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

23   opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

24   Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

25   *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

26          To determine the propriety of a dismissal motion, the court may not consider facts

27   raised outside the complaint (such as in an opposition brief), but it may consider such

28   facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023,

1    1026 n.2 (9th Cir. 2003).

2        **B.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)**

3        Pursuant to Rule 12(b)(1), a party may challenge a claim for relief for lack of

4    subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack

5    may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

6    2004) (citation omitted). A factual attack can rely on extrinsic evidence in arguing that

7    subject-matter jurisdiction does not exist. *Id*. (citation omitted). Once the moving party

8    presents evidence properly brought before the court, the party opposing the motion must

9    furnish affidavits or other evidence necessary to satisfy its burden of establishing subject

10    matter jurisdiction. *Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039 n.2 (9th

11    Cir. 2003).

12        **C.    Insufficient Service of Process under Rule 12(b)(5)**

13        Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to

14    dismiss the action where the plaintiff has failed to effect proper service of process in

15    compliance with the requirements set forth under Rule 4. Fed. R. Civ. P. 12(b)(5).

16    Federal courts only acquire jurisdiction over a defendant after the defendant is properly

17    served under Rule 4. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104

18    (1987). When a defendant challenges service, the plaintiff bears the burden of

19    establishing that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798,

20    801 (9th Cir. 2004). If service of process is found insufficient under Rule 4, "[t]he choice

21    between dismissal and quashing service of process is in the district court's discretion."

22    *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting

23    *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

24        **D.    Failure to State a Claim under Rule 12(b)(6)**

25        A claim may be dismissed because of the plaintiff's "failure to state a claim upon

26    which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

27    it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

28    theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering

8

1   whether a claim has been stated, the court must accept the well-pleaded factual

2   allegations as true and construe the complaint in the light most favorable to the non-

3   moving party. *Id.* However, the court is not required to accept as true conclusory factual

4   allegations contradicted by documents referenced in the complaint, or legal conclusions

5   merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559

6   F.3d 1061, 1071 (9th Cir. 2009).

7   **III.    DISCUSSION**

8         Prior to addressing the United States' motion to dismiss, the Court first addresses

9   three preliminary issues related to Plaintiffs' attempt to represent a minor child, Plaintiff

10   AKR, in pro se; Plaintiffs' failure to sign their filings; and Plaintiffs' late opposition to the

11   motion to dismiss.

12        **A.    Pro Se Plaintiffs Cannot Represent Minor Child**

13         Plaintiff Mandeep Sandhu Randhawa, who is in pro per, attempts to represent

14   Plaintiff AKR, who appears to be a minor, as her guardian ad litem. *See* ECF No. 29 at

15   13-15 (signed by Plaintiff Mandeep Sandhu Randhawa in "pro per and as guardian ad

16   litem for AKR"); *id*. at 24-26 (same); *id*. at 42-48 (same); *id*. at 49-52 (same); *id*. at 68-76

17   (same); *id*. at 89-98 (same). The Ninth Circuit has held "a parent or guardian cannot

18   bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of*

19   *San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Ninth Circuit has also held that in

20   such instances where the guardian ad litem does not have counsel, the case should be

21   dismissed without prejudice. *Id*. This rule remains the law of the Circuit. *Grizzell v. San*

22   *Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024) ("Our panel, however, is

23   bound by *Johns*, which holds that a parent may not proceed pro se on her children's

24   behalf."), *cert. denied sub nom*. *Grizzell v. San Elijo Elementary*, 2025 WL 1426678

25   (U.S. May 19, 2025); *see also Gabriel Charles Reed v. Eugene School District 4j*, 2025

26   WL 1779779, at *1 (9th Cir. June 27, 2025) ("The district court properly dismissed

27   Reed's action because 'a parent or guardian cannot bring an action on behalf of a minor

28   child without retaining a lawyer.'"). As such, pro se plaintiffs cannot bring a lawsuit on

1   behalf of a minor without retaining a lawyer. This is so because the minor's right to

2   trained legal assistance is greater than the parent's right to appear pro se. *See Johns*,

3   114 F.3d at 876. To the extent Plaintiff Vrinder Singh Randhawa seeks to represent

4   minor Plaintiff AKR, that also fails for the same reasons. Accordingly, the FAC should be

5   dismissed without prejudice as to Plaintiff AKR because Plaintiff AKR is a minor and

6   lacks legal representation in this case. *See Gabriel Charles Reed*, 2025 WL 1779779, at

7   *1; *Johns*, 114 F.3d at 877.

8       Because the Court also finds alternative grounds for dismissal is appropriate as

9   explained below, the Court recommends dismissal without leave to amend.

10      **B.    Personal Signature Requirement for Pro Se Parties**

11      All of Plaintiffs' filings, including the FAC, have not been signed by each of the

12  Plaintiffs. *See* FAC at 5, 8 (signed only by Plaintiff Vrinder Singh Randhawa); ECF No.

13  29 (completely unsigned, or signed either by Plaintiffs Mandeep Sandhu Randhawa in

14  "pro per and as guardian ad litem for AKR" and/or Plaintiff Vrinder Singh Randhawa).

15  Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an

16  attorney, "[e]very pleading, written motion, and other paper must be signed" by the party

17  personally. Plaintiffs were also warned of their requirement to each personally sign every

18  pleading, motion and other paper they submit to the Court while they remain

19  unrepresented. *See* 6/26/2025 Order. Because the FAC has not been signed by all

20  Plaintiffs, it is deficient and the Court may strike the FAC and provide Plaintiffs an

21  opportunity to file a signed complaint. Fed. R. Civ. P. 11; E.D. Cal. Local Rule 131(b).

22  Though the Court finds the FAC could be stricken on this ground, because the Court

23  finds dismissal is appropriate as explained below, the Court recommends dismissal of

24  this action without leave to amend rather than striking the FAC.

25      **C.    Plaintiffs' Late Oppositions**

26      Plaintiffs attempted to file multiple late oppositions to the motion to dismiss that

27  were contained within their single miscellaneous filling filed on March 21, 2025. *See* ECF

28  No. 29 at 24-26 (Plaintiff Vrinder Singh Randhawa's "opposition to Defendants' motion to

1   dismiss and request for stay" signed by Plaintiff Vrinder Singh Randhawa) (first

2   opposition); *id*. at 53-56 ("opposition to motion to dismiss & demand for full disclosure of

3   USCIS selective enforcement policies & cover-up" with unidentified signature(s)) (second

4   opposition); *id*. at 57-60 ("opposition to motion to dismiss & demand for full disclosure of

5   the U.S. Government's soft religious pogrom against Sikhs & authoritarian Nazi coding in

6   DOJ responses" with unidentified signature(s)) (third opposition). The first opposition is

7   the only opposition that is signed by an identified plaintiff (Vrinder Singh Randhawa) and

8   the only opposition that actually addresses issues raised in the motion to dismiss.

9   Though Plaintiff Vrinder Singh Randhawa's first opposition is untimely where it was due

10  on March 4, 2025, but filed on March 21, 2025, the Court will consider the first opposition

11  filed at ECF No. 29 at 24-26 in the Court's review of the motion to dismiss the FAC. The

12  Court will not, however, consider the second and third oppositions, which contain

13  unidentified signatures making it unclear as to which plaintiff(s) the opposition is filed on

14  behalf, appear to request other relief and make various allegations unrelated to the

15  motion to dismiss, and do not appear to address the motion to dismiss.[4]

16      **D.    Insufficient Service of Process**

17      The United States seeks dismissal for insufficient service of process pursuant to

18  Rule 12(b)(5). USA Mot. at 4-6. The United States argues Plaintiffs have failed to serve

19  the FAC on all named defendants (DHS, USCIS, CBP, and TSA) as required by Rule 4.

20  *Id*. at 5. The United States argues Plaintiffs have only served the United States and ICE

21  with the FAC, both of which are not named defendants in this action. *Id*. at 5. Further, the

22  United States argues Plaintiffs cannot show good cause for the delay and that dismissal

23  of the FAC is appropriate on this ground. *Id*. at 5-6. In his opposition, Plaintiff Vrinder

24  Singh Randhawa does not respond to the service arguments and instead focuses his

25  argument to oppose dismissal of the Federal Tort Claims Act ("FTCA") claim. (ECF No.

26  _____

27  [4]   The Court notes that even if it considered the second and third oppositions in its
    review of the motion to dismiss, the second and third oppositions would not change the
28  analysis and the Court's recommendation to dismiss without leave to amend would
    remain.

1    29 at 24-26.)

2         "[S]ervice of summons is the procedure by which a court having venue and

3    jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the

4    party served." *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Federal

5    courts do not have jurisdiction over a defendant unless the defendant has been served

6    properly under Rule 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule

7    4 governs service of process for all suits in federal court and likewise governs the

8    sufficiency of service of process. *See generally* Fed. R. Civ. Proc. 4. Rule 4(c)(1)

9    requires that "[a] summons must be served with a copy of the complaint." The United

10   States Supreme Court has recognized that "[s]ervice of process, under longstanding

11   tradition in our system of justice, is fundamental to any procedural imposition on a

12   named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350

13   (1999).

14        Although courts have also held that Rule 4 is flexible and should be liberally

15   construed if a party receives sufficient notice of the complaint and the defects in service

16   are minor, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371,

17   1382 (9th Cir. 1984), absent substantial compliance with the requirements of Rule 4,

18   "neither actual notice nor simply naming the defendant in the complaint will provide

19   personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4 sets

20   forth the requirements for the manner of service. Rule 4(c)(1) requires that "[a] summons

21   must be served with a copy of the complaint." Rule 4(i) governs service of process on an

22   agency or officer of the United States. "To serve a United States agency or corporation,

23   or a United States officer or employee sued only in an official capacity, a party must

24   serve the United States and also send a copy of the summons and of the complaint by

25   registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ.

26   P. 4(i)(2). "If a defendant is not served within 90 days after the complaint is filed, the

27   court—on motion or on its own after notice to the plaintiff—must dismiss the action

28   without prejudice against that defendant or order that service be made within a specified

1   time. But if the plaintiff shows good cause for the failure, the court must extend the time

2   for service for an appropriate period." Fed. R. Civ. P. 4(m).

3       On February 4 and 5, 2025, the United States and ICE were served with the

4   summons and the FAC, but neither is a named defendant in this action. *See* FAC; ECF

5   No. 24 at 3-8; USA Mot. at 2. Defendants DHS, USCIS, CBP and TSA were not served

6   with the summons and the FAC as required pursuant to Rule 4. *See* Docket. Plaintiffs

7   have also failed to establish good cause for their failure to serve Defendants within the

8   appropriate period. Here, Plaintiffs have failed to comply with Rule 4 and the time period

9   to serve Defendants has expired. *See* Fed. R. Civ. P. 4(c), 4(i), 4(m). Though not

10  required to do so, counsel for the United States informed Plaintiff Vrinder Singh

11  Randhawa that Plaintiffs failed to properly effect service, and included the relevant

12  Federal Rule of Civil Procedure governing service of federal defendants and the 60-day

13  deadline for a federal defendant's response to a complaint. U.S. Notice at 1-2 (ECF No.

14  8). The Court also informed Plaintiffs of service requirements in its July 26, 2024 order,

15  including the deadline for completing service, the requirement to include the entire

16  complaint and summons when serving each defendant, and the requirement to follow

17  Rule 4(i) to serve the United States, its agencies, corporations, officers, or employees.

18  7/26/2024 Order at 3.

19      Failure to serve a summons together with the complaint renders service of

20  process ineffective. *Omni Capital*, 484 U.S. at 104. Plaintiffs' pro se status does not

21  excuse their failure to effectuate service. *See McNeil v. United States*, 508 U.S. 106, 113

22  (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation

23  should be interpreted so as to excuse mistakes by those who proceed without counsel.").

24  Pro se litigants are expected to know and comply with the rules of civil procedure. *See*

25  *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.

26  2000). As described above, the Court also expressly instructed and warned Plaintiffs

27  regarding the timeline for service, to "take careful note of the rules regarding proper

28  service of the United States," and to carefully review the Federal Rules of Civil

1   Procedure, the Local Rules for the Eastern District of California, and the undersigned's

2   Civil Standing Orders. 7/26/2024 Order at 3-4. Accordingly, the Court recommends

3   granting the United States' motion to dismiss on this ground without leave to amend.

**E.     Failure to State a Claim and Lack of Jurisdiction**

5   The United States also seeks dismissal of Plaintiffs' claims for failure to state a

6   claim and for lack of subject matter jurisdiction. USA Mot. at 7-17. The Court addresses

7   the FAC generally, defendants against whom no specific allegations are raised, Plaintiffs'

8   claims, and leave to amend.

1.     *FAC and Rule 8 Pleading Requirements*

10   Plaintiffs' filings are confusing and unclear. The FAC is five pages long and

11   primarily consists of general allegations about DHS, various "maxims," and general

12   statements. FAC (ECF No. 11 at 1-5). The FAC also has 83 pages attached to it,

13   including receipts, documents with sometimes illegible handwritten notes, letters, claim

14   forms, emails, statements from non-parties, and other various documents (ECF No. 11

15   at 6-14, 25-98).[5] The Court is not required to sift through the voluminous attachments to

16   the FAC to try to decipher what Plaintiffs are alleging, piece together Plaintiffs' claims,

17   and identify which facts, if any, go with which claims. *See McHenry v. Renne*, 84 F.3d

18   1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

19   determine from the complaint who is being sued, for what relief, and on what theory, with

20   enough detail to guide discovery"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir.

21   1985) (affirming dismissal of complaint because the complaint, including attachments,

22   exceeded 70 pages, was confusing and conclusory and not in compliance with Rule 8

23   requiring a short and plain statement of the claims). The FAC does not contain "a short

24   and plain statement" of Plaintiffs' claims. *See* Fed. R. Civ. P. 8(a)(2). While the FAC is

25   five pages long, it does not clearly state what happened showing that Plaintiffs are

26   _____

27   [5]   The document filed at ECF No. 11 also includes various motions, which are not
included in the 83 pages of attachments to the FAC, appear to be duplicative of other
28   motions filed, and were separately addressed in the Court's 6/26/2025 Order. *See* ECF
No. 11 at 15-24; 6/26/2025 Order.

1  entitled to relief. Further, the FAC fails to allege the wrongful conduct allegedly

2  committed by each of the defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a

3  court's acceptance of a complaint's allegations as true is inapplicable to "[t]hreadbare

4  recitals of the elements of a cause of action, supported by mere conclusory

5  statements[.]") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore,

6  the Court recommends the FAC be dismissed for failure to comply with Rule 8.

7  　　　　　　　　　2.　　　*Defendants USCIS, CBP, and TSA*

8  　　　　　　There are no allegations raised against Defendants USCIS, CBP, and TSA in the

9  FAC. *See generally* FAC. Defendants USCIS, CBP, and TSA are only identified in

10  Plaintiffs' FAC as it generally relates to Defendant DHS' failure "to ensure its sub-

11  agencies, including CBP, USCIS, and TSA, adhered to fair procedures." FAC at 3.

12  However, the FAC does not contain any allegations as to how Defendants USCIS, CBP,

13  and TSA each harmed Plaintiffs in connection with each of Plaintiffs' claims. Therefore,

14  dismissal of Plaintiffs' claims against Defendants USCIS, CBP, and TSA is appropriate

15  for failure to comply with Rule 8's minimum pleading standard. *See McHenry*, 84 F.3d at

16  1178-80. The Court notes that Plaintiffs received notice of this defect as it was raised in

17  the United States' motion. USA Mot. at 18-19. The United States argued the FAC failed

18  to allege any facts against Defendants USCIS, CBP, and TSA. USA Mot. at 18. Plaintiffs'

19  opposition does not address this defect. Leave to amend would be futile where USCIS,

20  CBP, and TSA would not be proper defendants for any of Plaintiffs' claims, as described

21  below. Therefore, the Court recommends claims against Defendants USCIS, CBP, and

22  TSA be dismissed without leave to amend.

23  　　　　　　　　　3.　　　*Freedom of Information Act Cause of Action*

24  　　　　　　Plaintiffs' first cause of action alleges "DHS's refusal to respond fully to Plaintiffs'

25  FOIA requests constitutes a violation under 5 U.S.C. § 552." FAC at 4. The FOIA

26  provides for a civil action when "an agency has (1) improperly; (2) withheld; (3) agency

27  records." *Luis v. U.S. Dep't of the Interior*, 2016 WL 80631, at *2 (E.D. Cal. Jan. 7, 2016)

28  (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150

1    (1980)) (internal marks omitted); *see* 5 U.S.C. § 552(a)(4)(B). The United States moves

2    to dismiss Plaintiffs' FOIA claim for failure to allege sufficient facts to provide Defendant

3    DHS notice of its alleged violation. USA Mot. at 8-9. The United States also argues the

4    FAC establishes that Defendant DHS promptly responded to Plaintiffs' FOIA demands

5    and that no actionable FOIA claim is available. USA Mot. at 8-9 (citing FAC at 10).

6        The Court agrees. Plaintiffs have failed to plead sufficient facts to establish a

7    basis for relief. For example, the FAC does not allege what information Plaintiffs sought

8    in their FOIA request, whether documents were provided in response to the FOIA

9    request, or how DHS's response was inadequate. *See* FAC at 1-5. Plaintiffs' vague and

10   conclusory two-sentence FOIA allegations are insufficient to establish a cognizable legal

11   theory. *See* FAC at 4; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Balistreri v.*

12   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court is not required "to

13   accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

14   unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055

15   (9th Cir. 2008) (citation omitted). Furthermore, "it is not…proper, to assume that the

16   [plaintiff] can prove facts that it has not alleged or that the defendants have violated ...

17   laws in ways that have not been alleged." *Associated General Contractors of California,*

18   *Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Therefore, the

19   FAC should be dismissed because it fails to state a claim upon which relief can be

20   granted. *See* Fed. R. Civ. P. 12(b)(6).

21               4.    *Federal Tort Claims Act Cause of Action*

22       Plaintiffs' second cause of action alleges a violation of the FTCA based on

23   "negligence, retaliation, and bad faith processing" due to Defendant DHS' "conduct,

24   including unwarranted delays, excessive screenings, and profiling" that have "obstructed

25   Plaintiffs' rights and hampered their lives, justifying relief under the FTCA." FAC at 4.

26       The Federal Tort Claims Act "gives federal district courts exclusive jurisdiction

27   over claims against the United States for 'injury or loss of property, or personal injury or

28   death caused by the negligent or wrongful act or omission' of federal employees acting

16

within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)). The only proper defendant in a Federal Tort Claims Act is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Here, Plaintiffs have not named the United States as a defendant to this action. *See* FAC at 2 (listing defendants). This is concerning because another federal district court previously informed Plaintiff Vrinder Singh Randhawa[6] twice that the failure to name the United States as a defendant for a FTCA action is a sufficient ground for dismissing the complaint for lack of subject-matter jurisdiction. *See Randhawa I*, No. 1:20-cv-3200 DLF*, 2022 WL 823067, at *1 ("Here, this Court lacks jurisdiction because Randhawa sued the wrong defendant. The United States of America is the only proper defendant in a suit under the FTCA.[…] Randhawa's failure to name the United States as the defendant is a sufficient ground for dismissing his complaint for lack of subject-matter jurisdiction.") (internal quotation marks and citations omitted); *Randhawa II*", No. 1:22-cv-03291 DLF, 2024 WL 578957, at * 3 ("In *Randhawa I*, however, the Court specifically instructed Randhawa that his failure to name the United States as the defendant [was] a sufficient ground for dismissing his complaint.") (internal quotation marks and citation omitted). The FAC in this action was filed on November 18, 2024, after the *Randhawa I* and *Randhawa II* district court decisions. In addition, Plaintiffs do not dispute that the United States was not named as a defendant in the FAC. *See* ECF No. 29 at 24-26. *See* FAC at 4. Therefore, the Court finds that Plaintiffs' FTCA claim fails and should be dismissed for

---

6  In *Randhawa v. DHS, et al.* ("*Randhawa I*"), No. 1:20-cv-3200 DLF, Plaintiffs Vrinder Singh Randhawa, Mandeep Sandhu Randhawa, and AKR were named in the complaint. *See* ECF No. 25-2, Exh. 1. The court's dismissal order, however, is only addressed to Plaintiff Vrinder Singh Randhawa. *See Randhawa I*, No. 1:20-cv-3200 DLF*, 2022 WL 823067, at *1 (D.D.C. Mar. 19, 2022). In *Randhawa v. DHS, et al.* ("Randhawa II"), No. 1:22-cv-03291 DLF, Plaintiffs Vrinder Singh Randhawa, Mandeep Sandhu Randhawa, and AKR were named in the complaint. *See* ECF No. 25-2, Exh. 2. The court's dismissal order addresses Plaintiff Vrinder Singh Randhawa only because Plaintiff Vrinder Singh Rrandhawa "cannot appear on behalf of another person." *See Randhawa II*, No. 1:22-cv-03291 DLF, 2024 WL 578957, at * 1 n.1 (D.D.C. Feb. 13, 2024) (citation omitted).

1    lack of subject matter jurisdiction.

2        In addition, the FAC fails to state a FTCA claim because though the FTCA claim

3    is based on alleged negligence, the FAC fails to plead facts supporting the negligence

4    elements of duty, breach, or causation. *See* FAC at 1-5; *Iqbal*, 556 U.S. at 678;

5    *Twombly*, 550 U.S. at 570; *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988) (to

6    prove a claim for negligence, a plaintiff must show "defendant had a duty to use due

7    care, that he breached that duty, and that the breach was the proximate or legal cause

8    of the resulting injury."); Fed. R. Civ. P. 12(b)(6).

9        The United States also argues that the FAC fails to allege Plaintiffs exhausted

10    their administrative remedies for their FTCA claim. In opposition, Plaintiff Vrinder Singh

11    Randhawa argues that the government had actual notice of Plaintiff's claim, the FAC

12    was not prematurely filed, and Plaintiff properly exhausted. *See* ECF No. 29 at 24-26.

13    Alternatively, Plaintiff requests a stay until after the six-month administrative exhaustion

14    requirement is satisfied. *See id*. Given the Court's determination that it lacks subject

15    matter jurisdiction over the FTCA claim and the claim is not sufficiently pled, the Court

16    need not reach the exhaustion issue.

17            5.    *Bivens Cause of Action*

18        Plaintiffs' third cause of action alleges Defendant DHS violated Plaintiffs' Fourth

19    and Fifth Amendment rights under *Bivens*, 403 U.S. at 392, in its "excessive screenings

20    and detentions" and its "retaliatory, discriminatory and bad faith actions." FAC at 4. A

21    *Bivens* claim can only be brought against a federal officer or employee named in their

22    individual capacity, and cannot be brought against the United States, agencies of the

23    United States, or federal officers or employees in their official capacity. *See FDIC v.*

24    *Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v.*

25    *United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Morgan v. United States*, 323 F.3d

26    776, 780 n.3 (9th Cir. 2003). Here, Plaintiffs allege a *Bivens* claim against a federal

27    agency, DHS. *See* FAC at 4. Accordingly, the Court finds that Plaintiffs' *Bivens* claim

28    fails and should be dismissed for lack of subject matter jurisdiction. *See DaVinci Aircraft,*

1  *Inc. v. United States*, 926 F.3d 1117, 1128 (9th Cir. 2019) (holding that the district court

2  properly dismissed *Bivens* claims against the government for lack of subject matter

3  jurisdiction). In addition, the FAC does not include factual allegations regarding the

4  allegedly wrongful conduct underlying the *Bivens* claim, when such conduct occurred, or

5  by whom. Instead, the FAC alleges conclusory and vague allegations for Plaintiffs'

6  *Bivens* claim. *See* FAC at 4. The conclusory *Bivens* allegations are insufficient to

7  establish a cognizable legal theory.[7] *See* FAC at 4; *Iqbal*, 556 U.S. at 678; *Twombly*, 550

8  U.S. at 570; Fed. R. Civ. P. 12(b)(6).

9                    6.    *Intentional Infliction of Emotional Distress Cause of Action*

10        Plaintiffs' fourth cause of action is for intentional infliction of emotional distress

11  against Defendant DHS. An intentional infliction of emotional distress claim must be

12  brought under the FTCA and as described above, FTCA claims cannot be brought

13  against federal agencies and the United States has not been named as a defendant.

14  *See Lance*, 70 F.3d at 1095. The Court therefore lacks jurisdiction over the intentional

15  infliction of emotional distress claim.

16        In addition, even if the United States had been named as a defendant, the

17  intentional infliction of emotional distress is not sufficiently pled. The FAC alleges

18  Defendant DHS' actions "including unjustified profiling, delays in adjudication, and

19  inappropriate denial of emergency travel—are extreme and outrageous" and that

20  Plaintiffs have suffered "severe psychological trauma and emotion distress due" to

21  Defendant DHS' conduct. FAC at 4. To prevail on a claim of intentional infliction of

22  emotional distress under California law, a plaintiff must show: (1) outrageous conduct by

23  the defendant; (2) intention to cause or reckless disregard of the probability of causing

24  emotional distress; (3) severe emotional suffering; and (4) actual and proximate

25  causation of the emotional distress. *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979).

26  _____

27  [7]   The Court notes with approval the United States' argument regarding the limitation of
*Bivens* claims post-*Abbasi* and *Egbert*, but need not reach the issue given the Court's

28  other findings. *See* US Mot. at 14-16; *Egbert v. Boule*, 596 U.S. 482, 484 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

1    Conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually

2    tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209

3    (1983). The defendant's conduct must be directed at, or occur in the presence of, the

4    plaintiff, and defendant must have been aware of the plaintiff's presence. *Potter v.*

5    *Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001-02 (1993).

6         The FAC does not describe in detail or provide enough facts to show how

7    Defendant DHS violated Plaintiffs' rights, or the specific conduct Defendant DHS

8    engaged in that was outrageous. *See* FAC. Plaintiffs' allegations are vague and

9    conclusory and are not supported by sufficient facts. See *Associated General*

10   *Contractors of California, Inc.*, 459 U.S. at 526. Therefore, the intentional infliction of

11   emotional distress claim should also be dismissed for failure to state a claim upon which

12   relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

13        **F.      Leave to Amend**

14        If a court finds that a complaint should be dismissed for failure to state a claim, it

15   has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d

16   1122, 1130-31 (9th Cir. 2000). Leave to amend should be granted if it appears possible

17   that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.*;

18   *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant

19   must be given leave to amend his or her complaint, and some notice of its deficiencies,

20   unless it is absolutely clear that the deficiencies of the complaint could not be cured by

21   amendment."). To determine the propriety of a dismissal motion, the court may not

22   consider facts raised outside the complaint (such as in an opposition brief), but it may

23   consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*,

24   320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

25        As outlined above, Plaintiffs' FAC is fatally flawed because Plaintiffs do not state

26   any claim upon which relief can be granted. Moreover, the Court lacks subject matter

27   jurisdiction as to Plaintiffs' FTCA claim, intentional infliction of emotional distress claim,

28   which must be brought pursuant to the FTCA, and *Bivens* claim. Amendment would be

1    futile because Plaintiff Vrinder Singh Randhawa was previously informed in two separate

2    actions by another district court as to his failure to name the United States as a proper

3    defendant for a FTCA claim, and repeated the error for a third time. *See Randhawa I*,

4    No. 1:20-cv-3200 DLF*, 2022 WL 823067, at *1; *Randhawa II*, No. 1:22-cv-03291 DLF,

5    2024 WL 578957, at * 3. Plaintiff Vrinder Singh Rrandhawa was also previously warned

6    that he "cannot appear on behalf of another person." *See Randhawa II*, No. 1:22-cv-

7    03291 DLF, 2024 WL 578957, at * 1 n.1. Despite these prior warnings, Plaintiffs

8    continue to raise similar claims in this action, against similar defendants, as in their prior

9    federal actions. *Compare* FAC, with ECF No. 25-2, Exhs. 1-2.

10    As for the *Bivens* claim, even if a proper defendant (federal officer or employee in

11    their individual capacity) was named, amendment would be futile given the Supreme

12    Court's clear guidance limiting *Bivens* actions. *See Ziglar*, 582 U.S. at 130-31; *Egbert*,

13    596 U.S. at 484. The Supreme Court has recognized a *Bivens* claim in only three

14    contexts: (1) a Fourth Amendment claim based on a warrantless search in *Bivens*, 403

15    U.S. at 396-97; (2) a Fifth Amendment Due Process Clause claim against a

16    Congressman for employment gender discrimination in *Davis v. Passman*, 442 U.S. 228,

17    248-49 (1979); and (3) an Eighth Amendment claim for failure to provide adequate

18    medical care to a federal prisoner in *Carlson v. Green*, 446 U.S. 14, 19 (1980). *Ziglar*,

19    582 U.S. at 130-31. The Supreme Court has not extended the *Bivens* remedy since

20    *Carlson*, and has made clear that "expanding the *Bivens* remedy is now considered a

21    disfavored judicial activity." *Ziglar*, 582 U.S. at 130 (citation omitted). In 2022, the

22    Supreme Court further restricted *Bivens* claims by rejecting a Fourth Amendment claim

23    excessive force claim. *See Egbert*, 596 U.S. 482.

24    As for the FOIA claim, even if Plaintiffs could allege additional allegations as to

25    the information Plaintiffs sought in their FOIA request, whether documents were provided

26    in response to their FOIA request, or how Defendant DHS's response was inadequate,

27    the FOIA claim appears to be moot where Plaintiffs do not contest that Defendant DHS

28    promptly responded to and produced documents in response to Plaintiffs' FOIA requests

and do not contest that Plaintiffs have no actionable FOIA claim. *See* ECF No. 29 at 24-26; USA Mot at 8-9; *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). Though Plaintiffs did oppose dismissal of their FTCA claim as described above, Plaintiffs did not oppose dismissal of their FOIA claim and have therefore conceded dismissal. *See Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (holding that plaintiff conceded to a dismissal of his claim for failing to oppose the motion to dismiss). Because Plaintiffs do not contest that the FOIA claim is moot and that they have no actionable FOIA claim, amendment would be futile.

Finally, leave to amend as to Defendants USCIS, CBP, and TSA would be futile because they are not proper defendants for any of Plaintiffs' claims, as described above.

Accordingly, the Court finds that further leave to amend would be futile.

### G.    Miscellaneous Motions

In light of the Court's recommendation to dismiss the FAC without leave to amend, the Court denies Plaintiffs' miscellaneous motions and requests in their various filings (ECF Nos. 29, 32, 35), and the United States' request for administrative relief (ECF No. 33) without prejudice. If this action is not dismissed, the parties may renew their motions for relief.

## IV.    CONCLUSION

Based on the above, IT IS HEREBY ORDERED that:

1.    Plaintiffs' miscellaneous motions and requests (ECF Nos. 29, 32, 35) are DENIED without prejudice; and

2.    The United States of America's request for administrative relief (ECF No. 33) is DENIED without prejudice.

Further, based upon the findings above, IT IS HEREBY RECOMMENDED that:

1.    The United States of America's motion to dismiss (ECF No. 25) be GRANTED;

2.    The First Amended Complaint be DISMISSED without leave to amend; and

1    3.    The Clerk of the Court be directed to CLOSE this case.

2    These findings and recommendations are submitted to the United States District

3    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

4    14 days after being served with these findings and recommendations, any party may file

5    written objections with the Court and serve a copy on all parties. This document should

6    be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

7    reply to the objections shall be served on all parties and filed with the Court within 14

8    days after service of the objections. Failure to file objections within the specified time

9    may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

10    455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

11    Dated:  08/12/25

12    _____
     CHI SOO KIM
13    UNITED STATES MAGISTRATE JUDGE

14    4, sing1540.24

15

16

17

18

19

20

21

22

23

24

25

26

27

28